PEOPLE EX REL. MAX HOCHGRAEF, CAPTAIN OF CO. A, 3D REG'T. MICH. STATE TROOPS v. HARRY MILWARD ET AL.

*Incorporation of military companies—Act 40 of 1877.*

Act 40 of 1877 authorizing the incorporation of military companies does not permit a minority of a company to be incorporated: and it is defective in its provisions as to the necessary proceedings to effect incorporation.

Laws for the voluntary organization of private corporations cannot be so construed as to include among those who are allowed to be incorporated any who are not plainly made competent.

INFORMATION in the nature of *quò warranto*. Submitted Feb. 1. Decided April 2.

Attorney General *Otto Kirchner, J. Logan Chipman* and *Wisner & Speed* for the people. The construction of a statute is governed by its general intent rather than by particular expressions, *Att'y Gen. v. Bank of Michigan*, Har. Ch., 315; *Sibley v. Smith*, 2 Mich., 486; *Ticknor's Estate*, 13 Mich., 44; *Whipple v. Circuit Judge*, 26 Mich., 342; *Buhl v. Springwells*, 14 Mich., 398.

*Van Dyke & Brownson* and *G. V. N. Lothrop* for respondents. No member of an association can be com-

pelled to be incorporated, *Mason v. Finch*, 28 Mich., 282; every corporation has the power to accept or expel members, *Rex v. Richardson*, 1 Burr., 536; Ang. & Ames on Corp., ch. 12; a minority in a religious society can become incorporated in opposition to the will of the majority, *Happy v. Morton*, 33 Ill., 398.

GRAVES, J. The defendants claiming to hold the franchise of being a corporation under the name of "The Detroit Light Guard," the Attorney General filed this information requiring them to show by what warrant they make such claim.

They pleaded that they, with one other, making eleven in all, and being members of Military Company A of the Third Regiment, and part of the military or militia organized under the laws of this State, made and executed June 19, 1877 under their hands and seals, and duly acknowledged articles of incorporation under the act entitled "An act to provide for or facilitate the incorporation of military or light guard companies for certain purposes," approved March 30, 1877, and ordered to take immediate effect, and that such articles were filed in the office of the Clerk of Wayne county, and in the office of the Secretary of State, and that they thereby became a body corporate.

The Attorney General replied that at the time the articles were made and filed the military company mentioned included defendants and more than sixty other members, and that no authority was given by the entire company, or by a majority of the members, to prepare or file the articles of incorporation, and that they were made and filed without the procurement, vote, authority or assent of the company and were meant to establish a corporation apart from it.

To this reply there was a demurrer and joinder, and the question is upon the right of any ten or more who happen to belong to a light guard or military company of the organized military or militia of the State to

organize a corporation under the act of 1877 on the sole basis of company membership, and independent of all other conditions, and irrespective of the assent or dissent of the company or of the majority of the members.

If the act of 1877, in tendering the right to incorporate, prescribes nothing more as pre-requisite than that there must be ten members of a company who at the time agree in taking the organizing measures specified, the demurrer must be sustained; otherwise not.

The plea imports no other qualifying circumstance, and if the replication should be considered irregular, the demurrer would expose demurrable faults in the earlier pleading. By this it is not intended to say that the replication is bad. It is a matter of no importance.

At the passage of the act of 1877 the Legislature had enacted a scheme for the creation of an active military force from the body of the militia, and a leading feature of it was of course the contrivance and adoption of regulations for the formation and interior management and police of the primary bodies to compose the general array. It was hence ordained that whenever forty-eight or more men within the same regimental district should associate together to form a company, the Commander-in-Chief, on application through the Adjutant General, might organize them into a company (Comp. L., §§ 865, 866, as amended, 1 Sess. L. 1873, p. 156), and it was also provided that the company must be kept up to thirty-two privates, or be disbanded (Comp. L., § 891, as amended, 1 Sess. L. 1873, p. 157).

The amending act of 1873 is in one particular ambiguous. The Legislature intended by it to repeal section 867 or section 877 of the Compilation, and whether either was repealed, and if so which, is ambiguous. The act is entitled to repeal section 50 of the original act, and section 877 of the Compilation, whereas the repealing clause in the body of the act expresses section 50 of the original act, but section 867 of the Compilation. Now

section 50 of the original act is identical with section 877 of the Compilation, whilst section 867 of the Compilation is equivalent to section 40 of the original act, and this section is one of importance in regard to the power of self-government possessed by companies. It provides expressly that the company, by a majority of its members, may adopt a constitution and by-laws for its government and discipline. Section 50 of the original act applies to a different subject altogether. It requires the officers and men to provide themselves with such uniforms complete, as the State Military Board shall prescribe, with certain qualifications.

In view of the present purpose it is not very material whether section 40 of the original act is or is not repealed; because apart from it the law allows the company to make by-laws and to declare itself by majority vote in regard to many things. It is meant to be a body organized and cemented by law with some of the characteristics of corporate existence. It is designed to be capable of self-management and self-control within particular limits, and to be able to express itself concerning some matters as a distinct entity; and as a means, the usual way of collecting the sense of constituents, namely by vote, is recognized.

The Legislature of 1877, contemplating the composition and status of these companies, and deeming it expedient to enable them to construct distinct civil and more permanent associations on the basis of their military organization, passed the act entitled "An act to provide for or facilitate the incorporation of military or light guard companies for certain purposes." Public Acts of 1877, p. 28. And the first section, adhering strictly to the object as expressed in the title, defined those who might become incorporated as "any light guard or military company in this State being a part of the military or militia organized under the laws of the State," and then described the object of every corporation contemplated by the act as the "purchasing or erecting

and constructing an armory and other edifice or hall,
to be used by them and let to others for literary enter-
tainments, public meetings, exhibitions or any other legiti-
mate purpose."

Having thus specified in this first section who might
become incorporated and the purpose of incorporation,
the act in no subsequent part distinctly assumes to
enlarge the number capable of being formed into corpora-
tions, or to introduce any new basis, and the simplicity
of the apparent design would seem to have forbidden the
accumulation of distinct fundamental provisions. More-
over, any such addition could not be reconciled with the
title, and there is no rule for construing these acts for
the voluntary organization of private corporations so
liberally as to include among the parties allowed to become
incorporated any who are not plainly made competent.
Now the second section, which is relied upon as enabling
a group of ten or more of the members of a company to
constitute a corporation, and apart entirely from the
company as a body and from the other members of it,
does not undertake, as the Court thinks, to declare who
may become incorporated, but simply to order how those
just designated as competent may be brought under cor-
porate organization. The members of this section, it is
true, are not well arranged and the design is not prop-
erly furnished with regulations; but after all it seems
reasonably clear that it was not the purpose of the Leg-
islature to enlarge the scope of the act as marked out in
the first section, as to who might become incorporated.
The opposite theory involves the objectionable assump-
tion that the Legislature by the second section rendered
needless the provision in the first on this subject; because
if the second section allows any ten or more to become
incorporated, it certainly allows all in the company to
do so, and the provision in the first section is worthless.
Looking at the general scheme and also at the terms,
we think the second section has for its sole object the
marking out a mode of proceeding to effect corporate

organization on the basis stated in the title and the first section, and that basis is that the company, and not a knot or minority of its members, shall make up the corporation. The last section but one strongly confirms this view. It declares that dissolution of the company as a military organization shall not terminate the corporation. And this implies a closer relationship between the two organizations than could exist if the military body as a unit was not in the first instance to be comprehended.

The author of this act observing the organization and mode of action of the military companies under the statutes enacted for their formation and government, and conceiving it practicable for them to become incorporated, seems to have proceeded on the theory that a company under its existing association might express by vote the desire to become incorporated and invest a group of members with authority to frame, or at least adopt, subscribe and file the proper articles in its behalf and thereby convert the whole membership into corporators. But it is needless to speculate on the subject.

It is sufficient that whatever may have been the theory, the court is satisfied that the law does not authorize the launching of a corporation having as corporators only a minority of a military company, and is also inclined to think there are serious defects concerning the proceedings necessary to effect incorporation and upon other points.

The demurrer must be overruled with costs.

The other Justices concurred.